MICHAELS–BAUER, INC. *vs.* EDWARD M. DOUGHTY.

APRIL 25, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Foreign Corporations.   Appointment of Attorney.   Contracts.*

Proof of compliance by a foreign corporation with the statutory provisions relating to the appointment of an attorney, before enforcing in the courts of this state, a contract made in the state, should be by the best evidence which is a certified copy of the essential instrument filed in the office of the secretary of state and not by the oral testimony of an officer of the corporation.

*(2)   Foreign Corporations.   Appointment of Attorney.   Evidence.*

Testimony of an officer of a foreign corporation that it had complied with the laws of this state relating to foreign corporations in order to do business is objectionable, as calling for the witness' opinion upon a question of law.

*(3)   Foreign Corporations.   Appointment of Attorney.   Validity of Contracts.*

Although compliance with the provisions of Gen. Laws, 1923, secs. 65 and 67, cap. 248, is made a condition precedent to carrying on business or enforcing in our courts contracts made by it in this state, nevertheless such contracts should be regarded as valid upon behalf of the corporation as well as upon behalf of the other party thereto.

*(4)   Foreign Corporations.   Appointment, of Attorney.   Pleading.*

When the pleadings of a plaintiff suing upon a contract made in this state disclose that it is a foreign corporation doing business here, plaintiff need not allege and prove that it has complied with the statutory requirements relating to the appointment of an attorney, but non-compliance should be shown by defendant, but if the plaintiff does not disclose in its writ and declaration that it is a foreign corporation, it is incumbent upon plaintiff at the trial to establish by competent evidence its right to maintain its action.

*(5)   Foreign Corporations.   Appointment of Attorney.   Pleading.*

Under Gen. Laws, 1923, cap. 248, sec. 67, want of capacity to sue by a foreign corporation may be set up by plea in abatement or non-compliance with the statutory requirements may be interposed at the trial as a bar to recovery.

ASSUMPSIT.   Heard on exceptions of defendant and sustained.

SWEETLAND, C. J.   This is an action of the case in assumpsit to recover for merchandise alleged to have been sold and delivered by the plaintiff to the defendant.

The case was tried before a justice of the Superior Court sitting with a jury.   At the close of the plaintiff's case the defendant introduced no evidence and the justice directed a verdict for the plaintiff for the amount claimed by it.   The case is here upon the defendant's exception to the ruling of the justice directing a verdict and upon exceptions to certain other rulings of the justice made in the course of the trial.

In its writ and declaration the plaintiff designates itself as "Michaels-Bauer, Inc. of Providence."   There is no other allegation of its domicile or place of doing business. The plaintiff's witness Richard H. Bauer testified that he was president of the plaintiff corporation; that the plaintiff was incorporated in the state of Connecticut, is doing business in the city of Providence, and that the contracts of sale upon which the suit is brought were made at its place of business in Providence in the year 1921.   The defendant then objected to the introduction of further evidence of the plaintiff's claim until the plaintiff should present competent evidence, establishing that it had complied with the requirements of the statutes of this state relating to foreign corporations, which compliance is made "a condition precedent to carrying on business in this state or to enforcing in the courts of this state any contracts made within this state."   The plaintiff was then permitted, over the objection of the defendant, to introduce the oral testimony of the witness Bauer that the corporation had "filed a power of attorney appointing an attorney in this state" and also that it had "complied with the laws of this state relating to foreign corporations in order to do business."   The plaintiff produced no other evidence with reference to the matter of compliance with the statutory requirements.   In per-

mitting this evidence to be introduced the justice expressed his doubt as to its admissibility but, as plaintiff's counsel said he wished "to take a chance" on the propriety of receiving it, the justice overruled the defendant's objection. The exception to the admission of this evidence is susta'ned. If at the trial the plaintiff was properly required to establish its observance of the statutory provisions it should do so by the best evidence, which is a certified copy of the essential instrument, paper or document filed in the office of the Secretary of State. Section 84, Chapter 248, Gen. Laws, 1923. The second of the two questions is also objectionable as calling for the witness' opinion upon a question of law. The other exceptions of the defendant, upon which he relies, involve a consideration of the statutory provisions relating to foreign corporations first appearing in the "General Corporation Law of 1920" and now Sections 65 and 67, Chapter 248, General Laws, 1923.

In accordance with the policy of the court clearly shown in its decisions dealing with regulations of this nature, appearing in former enactments, the provisions of these sections in so far as they bear upon questions of pleading, evidence and court procedure should receive such liberal construction as will not unduly hamper foreign corporations doing business in this state, while not excusing strict compliance with the regulations, deemed essential by the general assembly.

In case of the violation by a foreign corporation of the provisions of Section 65 a penalty is imposed upon the corporation and the agent acting for it. In *Garratt Ford Co.* v. *Vermont Mfg. Co.*, 20 R. I. 187, the court held that in the absence of express provision to the contrary the imposition of a penalty upon a foreign corporation for doing business in this state before complying with our statutory requirements indicated a legislative intent that the contracts of such foreign corporation should nevertheless be regarded as valid. In the sections under consideration although compliance therewith by a foreign corporation is made a condition

precedent to carrying on business or enforcing in our courts contracts made by it in this state it is expressly declared that "such failure shall not affect the validity of any contract with such corporation." In view of the general language of this provision and the decision in *Garratt Ford Co*. v. *Vermont Mfg. Co., supra,* we are of the opinion that such contract should be regarded as valid upon b'ehalf of the corporation as well as upon behalf of the other party thereto.

When the pleadings of a plaintiff suing upon a contract made in this state disclose that it is a foreign corporation doing business here it is not necessary for such plaintiff in order to recover in the suit to allege and prove that it has complied with the statutory requirements. Non-compliance should be shown by the defendant in the presentation of his defence. The defendant had received notice of the status of the plaintiff. If such plaintiff has failed to comply with the condition precedent of its right to sue, such failure is disclosed by an examination of the records in the office of the Secretary of State. It is an unnecessary burden to place upon a foreign corporation doing business in accordance with our law to require it to allege and prove its compliance with the statute whenever it sues in our courts. In the first instance it will be assumed that the foreign corporation is properly in court. This conforms with established practice in this state and is in accord with the better authority in other jurisdictions. If, however, the plaintiff does not disclose in its writ and declaration that it is a foreign corporation, and thus put the defendant upon inquiry, as in the case at bar, then it is incumbent upon such plaintiff at the trial to establish by competent evidence its right to maintain its suit.

In *Weaver Coal Co.* v. *R. I. Co-operative Coal Co.,* 27 R. I. 194, and in all cases following that, it has been held that the want of capacity to sue on the part of a foreign corporation should be set up by a plea in abatement and is waived by pleading to the merits. The court in *Weaver Coal Co.* v. *R. I. Co-operative Coal Co.* had under consideration the cor-

poration law preceding the general corporation law of 1920, now Chapter 248, Gen. Laws, 1923. In the later act there is the expressed intent of the general assembly to force compliance by a foreign corporation with the statutory requirements; such compliance is made a condition precedent of the right of a foreign corporation to do business in this state. It is provided in said Section 67, with reference to the failure of a foreign corporation to comply with such requirements, as follows: "No action at law or suit in equity shall be maintained or recovery had by any such corporation on any contract made within this state in any of the courts of this state so long as it fails to comply with the requirements of said sections." In view of this positive prohibition of the present statute we are of the opinion, after mature deliberation, that the want of capacity to sue may be set up by plea in abatement or that non-compliance with the statutory requirements may be interposed at the trial as a bar to recovery.

The exception to the admission of the testimony of the witness Bauer as to the plaintiff's compliance with the statute is sustained. As the plaintiff is thus without competent evidence as to that matter it should not have been allowed to recover, and the exception to the direction of a verdict in its favor is sustained. The other exceptions, which are relied upon, relate to the same matters and do not require particular consideration. With some reason the defendant urges that, because of the absence of evidence supporting the plaintiff's case upon an essential point, we should order judgment to be entered for the defendant. We think, however, in the circumstances that justice will best be served by granting to the defendant a new trial. Section 22, Chapter 348, Gen. Laws, 1923.

The case is remitted to the Superior Court for a new trial, with the proviso that no costs accruing in the case prior to this order shall be taxed against the defendant, whatever may be the final determination in the cause.

*Wm. H. McSoley*, for plaintiff.

*Mendell W. Crane, Alfred H. Lake*, for defendant.